■ In the Matter of JOHN P. KILMINSTER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—Respondent, an attorney who was admitted to practice by this court on April 5, 1978 under the name John Patrick Kilminster has submitted an affidavit dated September 14, 1987 in which he tenders his resignation as an attorney and counselor-at-law (see, 22 NYCRR 691.9).

Respondent acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District and that the following charges of professional misconduct are pending against him; (1) converting escrow funds in the amount of $6,600 to his own use; (2) converting escrow funds in the amount of $15,000 to his own use; (3) failing to cooperate with the petitioner in its investigation of the complaint which forms the basis of the second charge; (4) converting escrow funds in the amount of $400 to his own use; (5) failing to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of

the fourth charge; (6) converting escrow funds in the amount of $18,300 to his own use; (7) failing to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of the sixth charge; (8) neglecting a legal matter entrusted to him and misappropriating $1,500 of the client's funds; (9) failing to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of the eighth charge; (10) neglecting a legal matter entrusted to him; (11) failing to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of the tenth charge; (12) failing to register as an attorney as required by section 468-a of the Judiciary Law and 22 NYCRR 118.1; and (13) failing to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of the twelfth charge.

Respondent states that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress; and that he is fully aware of the implications of submitting his resignation. Respondent further acknowledges that if charges were predicated on the misconduct outlined above he could not successfully defend himself on the merits against such charges.

Under the circumstances herein, the respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and his name struck from the roll of attorneys and counselors-at-law, effective forthwith. Mollen, P. J., Mangano, Thompson, Bracken and Rubin, JJ., concur.